White, C. J.
On the relation of the plaintiffs in error,. Fornoff et, al., an alternative writ of mandamus was awarded by the District Court of Franklin county against George E. Nash, the prosecuting attorney of said county, to compel him to indorse his certificate as required by section 10 of the act of April 27, 1869, authorizing county commissioners 10 purchase lands for the use of public buildings, and to erect public buildings thereon, etc. 66 Ohio L. 54.
The recitals of the writ show that the board of commissioners, on the 4th day of January, A. d. 1873, duly contracted in writing with the relators to furnish all the-materials and do all the work for the erection of the superstructure of an infirmary building for said county, which, the said board bad, before that time, determined it necessary to erect and build for said county, and had duly determined to erect and build. That the contract had been duly signed by the relators and by the commissioners and had been accepted by the latter; that the relators bad-given bond, with sureties, for the faithful performance of said contract on their part, and that the bond and sureties bad been accepted and approved by the commissioners. .The writ contains an averment in general terms that the contract was in accordance with the provisions of the statute above referred to, and the acts amendatory thereof.
*337 It is also averred that the commissioners and the relators., on the 6th day of January, a. d. 1873, presented the contract so executed and approved to the defendant as prosecuting attorney of said county, with the request that he: would indorse thereon his official certificate that said contract was in accordance with the provisions of said act, as it was his duty, as was averred, by the tenth section of said, act, to do, and that he wrongfully refused, and still does-wrongfully refuse, to indorse such certificate.
The command of the writ is, that the defendant, on its-receipt, indorse his certificate on the contract as required, or show cause why he has not done so.
On the return of the writ, the defendant, without answering thereto, moved to quash the writ, on the ground that it did not show upon its face that the relators were entitled to the relief prayed for.
On the hearing of this motion, the court, being of opinion: that the prosecuting attorney, in the performance of his: duty, under the tenth section of the act referred to, performed purely a judicial act, ordered and adjudged that the-writ be quashed.
The question for our determination is, whether in making this order and disposition of the case the court erred.
The part of the tenth section of the act referred to, which prescribes the duty of the prosecuting attorney, is as follows: “ Provided further, that such contract or contracts-shall not be binding upon any county until they ax-e submitted to the prosecuting attorney of such county, and by him found to be in accordance with the provisions of this: act, and his certificate to that effect indorsed thereon.”
Under this provision, it is manifestly the duty of the-prosecuting attorney, on the submission of the contract to him, to investigate and ascertain whether it is in accordance with the provisions of the act. If he finds that it is,, he is bound to indorse thereon his certificate to that effect. All that the commissioners and the other parties to the contract can do, is to submit the contract to him. If he *338 refuses to make the certificate, the ground of such refusal is peculiarly within his own knowledge, and can only be known to the parties to the extent he may see proper to disclose.
We are not called upon, by this record, to decide whether the determination of the prosecuting attorney, within the scope of his authority, under the statute, is to be regarded as final, or to what extent, if at all, such determination is subject'to be revised by the court. The most favorable view that can be taken for him, is, that his conclusion as to whether the contract does or does not conform to the statute, is final. He can not refuse to certify on grounds over which no authority is given him by the statute.
By his motion the defendant, in effect, admits the truth of the allegations in the writ, that the contract is in accordance with the provisions of the statute. If, notwithstanding this accord between the contract and the statute, the work must stop, because the defendant, in the exercise of his lawful discretion, has determined otherwise, it seems to us he ought to answer and show such determination. In mandamus, under the code, the writ is the only pleading on the part of the relators. The same effect is required to be given to it, and it is to be construed, and may be amended in the same manner, as pleadings in a civil action. True, it is required to state concisely the facts showing the -obligation of the defendant to perform the act. This is substantially the rule prescribed for stating a cause of action in an ordinary petition. The code requires the petition to contain a statement of the facts constituting the cause of action, in ordinary and concise language.
No objection was made by the defendant to the general form in which the facts were set forth in the writ. If he desired to have the facts stated more specifically, he should, ¡as would have been required in the case of a petition, have made a motion to that effect; and the relators could then have remedied the defect by amendment.
In the absence of any such objection, we think it was *339 error in the court to quash the writ, and. dismiss the proceeding.
Judgment reversed, and cause remanded for further proceeding.